## AMERICAN LOAN & TRUST CO. *v.* EAST & WEST R. CO. *et al.*

*(Circuit Court, N. D. Georgia.    October 30, 1889.)*

COURTS—DISTRICT JUDGES—VACANCY—AUTHORITY OF JUDGE OF ANOTHER DISTRICT—
LEAVE TO SUE RECEIVER.
  Rev. St. U. S. § 603, provides that "when the office of district judge is vacant in any district in a state containing two or more districts, the judge of the other or either of the districts may hold the district court or the circuit court, in case of the sickness or absence of the other judges thereof, in the district where the vacancy occurs, and discharge all the judicial duties of judge of such district during such vacancy." *Held*, that it is only when the office of district judge of one district is vacant that the judge of another district has authority to discharge judicial duties in the former district, and a leave granted by the judge of another district to sue a receiver, the judge of the district being out of the state, is void.

*To the Honorable, the Judges of the Circuit Court of the United States for said
    District:*

The petition of Charles P. Ball, receiver, appointed by the Honorable Don A. Pardee, respectfully shows unto your honors that one H. F. Alsabrook has brought suit for personal damages against your petitioner in the superior court of Polk county, in the state of Georgia, and in the petition filed therein the said Alsabrook alleges that on the 17th day of July, 1889, he obtained from the Honorable Emory Speer the following order: "Leave granted as prayed, the judge of the northern district being out of the state.    July 17th, 1889.    EMORY SPEER, U. S. Judge,"—all of which is more fully shown in the copy of the petition which was served upon one of the agents employed by your petitioner in conducting and operating the said railroad, attached hereto.    Your petitioner further shows that he has been informed by the employes operating the said railroad that the alleged injuries were received from no fault or negligence on their part; that the plaintiff in said petition is a resident citizen of Cleburne county in the state of Alabama; and that the said alleged injuries were received within the state of Alabama; and petitioner prays that the said H. F. Alsabrook may be cited to appear before your honors at such time and place as your honors may direct, to show cause, if any he has, why said alleged order, granting leave to bring said suit, should not be revoked, and that, pending said notice, the said H. F. Alsabrook may, by the order of your honors, be restrained from further prosecuting said suit until the hearing and determination of this petition.                    CHAS. P. BALL, Receiver.

*Alexander T. Loudon*, for receiver.
*T. N. Broyles*, for Alsabrook.

PARDEE, J.    This cause came on to be further heard upon the petition of Charles P. Ball, receiver, in relation to the suit brought by one H. F. Alsabrook against the receiver in the superior court of Polk county in the state of Georgia, and was argued by Mr. Alexander T. Loudon for the receiver and Mr. T. N. Broyles for Alsabrook; whereupon, the court considering that under the proper construction of section 603 of the Revised Statutes it is only when the office of district judge of the

northern district is vacant that the judge of the southern district has authority, under said section, to discharge judicial duties in the northern district, it is ordered and adjudged that the leave granted by the judge of the southern district to said Alsabrook to institute suit against the receiver in this case be, and the same is, declared null, and of no force and effect. It is further ordered in this case that the said receiver may bring bill with suitable averments in the United States circuit court for the southern division of the northern district of the state of Alabama, which court appointed Charles P. Ball receiver, against the said H. F. Alsabrook, setting forth the facts in the case, and praying for injunction to restrain the further prosecution of the suit instituted by the said H. F. Alsabrook in the superior court of Polk county for the state of Georgia, all as authorized by section 3 of the act of congress, approved March 3, 1887, entitled "An act to determine the jurisdiction of the circuit court of the United States, and for other purposes."